UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT ALLEN ANDERSON,<br><br>                 Petitioner,<br><br>  v.<br><br>PATRICK GLEBE,<br><br>                 Respondent. | No. C12-5826 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  June 14, 2013** |

Petitioner Robert Allen Anderson filed a 28 U.S.C. § 2254 habeas petition challenging his 2005 conviction by jury verdict of first-degree burglary, first-degree kidnapping, and two counts of second-degree assault (with a firearm finding as to each of the four counts).  On December 22, 2005, Mr. Anderson was sentenced to 228 months imprisonment.  ECF No. 11, Exhibit 1.

Respondent filed a Motion to Dismiss and argues that Mr. Anderson's federal petition is untimely pursuant to 28 U.S.C. § 2244(d).  ECF No. 11.  Petitioner filed a reply.  ECF No. 14. The Court concludes that Mr. Anderson's federal habeas petition is time-barred.  The petition should be dismissed as untimely and a certificate of appealability denied.

**PROCEDURAL HISTORY**

**A.     Facts of the Case**

The Washington Court of Appeals summarized the facts of Mr. Anderson's crimes and his trial as follows:

> On February 20, 2005, Michelle Anderson told her then husband, Robert,[1] that she wanted a divorce.  Michelle drove to Christopher Concannon's home,

REPORT AND RECOMMENDATION - 1

crying and upset. Robert followed her and tried to enter the home but Concannon told him to stay outside.

A few minutes later, Robert opened Concannon's front door and entered the living room. Concannon stepped toward Robert and told him he did not want him in his home. When Concannon saw that Robert had a gun, he turned, ran out of the living room, down the hall, and jumped out a closed window.

Robert then grabbed Michelle by the throat, pushed her against the wall, put the gun to her head, and threatened to kill her. He continued threatening her and threw her on the floor. The police arrived on the scene, realized it was a hostage situation, and called the SWAT team. A hostage negotiator arrived and spoke with Robert for approximately two hours, until Robert finally released Michelle.

Robert was charged with (1) first degree burglary; (2) first degree kidnapping; (3) second degree assault against Michelle; (4) second degree assault against Concannon; and (5) unlawful imprisonment. Before trial, Robert's counsel requested a continuance questioning Robert's competency to stand trial. The trial court granted the continuance and ordered a competency evaluation, noting that, "I don't think I have a lot of choice" about whether to grant the motion. 1 Report of Proceedings (RP) at 16, 18. Because of Robert's medical problems and his counsel's request that his expert evaluate Robert's competence first, the evaluation was initially delayed. Ultimately, the evaluation never occurred and Robert's counsel argued diminished capacity. He explained that Robert's diminished capacity was a mitigating factor for sentencing that the jury should determine, not the trial court. The court ruled that mitigating factors are determined by the court, not the jury, and did not allow the jury to hear evidence of Robert's alleged diminished capacity.

A jury found Robert guilty of first degree burglary, first degree kidnapping, second degree assault against Michelle, and second degree assault against Concannon. The jury also returned special verdicts, finding that Robert possessed a firearm when he committed the crimes.

At sentencing, Robert's counsel submitted Robert's medical reports, arguing that his sentence should be mitigated due to his medical condition. The court noted that Robert suffered health problems and depression but did not find diminished capacity. The court sentenced Robert to the minimum possible sentence under the standard range, which was 228 months.

[1] We use first names to avoid confusion. We mean no disrespect. [Court's footnote 2.]

REPORT AND RECOMMENDATION - 2

1  ECF No. 11, Exhibit 5, at 2-3.

**B.     State Court Procedural History**

    **1.     Direct Appeal**

Mr. Anderson appealed to the Washington Court of Appeals.  Appellate counsel's brief raised two assignments of error:  (1) the trial court violated Anderson's constitutional rights by finding that his competency was in question but allowing the case to proceed to trial without a finding of competency, and (2) there was insufficient evidence to support the conviction for Count IV (second-degree assault).  ECF No. 11, Exhibit 2.  Mr. Anderson submitted a *pro se* statement of additional grounds including: (1) the trial court should have granted a mistrial based on Officer Boyington's false testimony and the prosecutor's repeating of that testimony in closing argument, and (2) he was not given a complete reading of his *Miranda* warnings.  *Id.*, Exhibit 3.  On May 30, 2007, the Court of Appeals rejected Mr. Anderson's arguments and affirmed in an unpublished opinion.  *Id.*, Exhibit 5.

Mr. Anderson sought discretionary review by the Washington Supreme Court.  In his *pro se* petition for review, he argued:  (1) the trial court's actions denied him his right to a competency evaluation, and (2) the evidence presented at trial in support of the second-degree assault count was constitutionally insufficient.  ECF No. 11, Exhibit 6.  On March 5, 2008, the Washington Supreme Court denied review without comment.  *Id.,* Exhibit 7.  The Court of Appeals issued its mandate on May 13, 2008.  *Id.*, Exhibit 8.

    **2.     Personal Restraint Petition**

On July 28, 2011, Mr. Anderson filed a *pro se* personal restraint petition with the Washington Court of Appeals.  ECF No. 11, Exhibit 9 (petition); Exhibit 10 (supporting brief).  He raised one ground for relief, arguing that the trial court lacked jurisdiction to proceed to trial

REPORT AND RECOMMENDATION - 3

because of the State's mismanagement and failure to ensure Mr. Anderson's competency was evaluated. *Id*. On December 16, 2011, the Chief Judge of the Court of Appeals dismissed the petition, concluding it was time-barred under RCW 10.73.090, the state's one-year rule for post-conviction collateral relief actions. *Id.*, Exhibit 11.  Mr. Anderson filed a motion for discretionary review with the Washington Supreme Court, again challenging the trial court's jurisdiction to proceed to trial. *Id.*, Exhibit 12. On May 24, 2012, the Commissioner of the Supreme Court denied review, agreeing with the Chief Judge's time-bar ruling. *Id.*, Exhibit 14. The Court of Appeals issued its certificate of finality on August 17, 2012. *Id.,* Exhibit 15.

## FEDERAL HABEAS CORPUS GROUNDS

On September 12, 2012, Mr. Anderson filed his petition for writ of habeas corpus under 28 U.S.C. § 2254, which raises one ground for relief, that the state trial court lacked subject-matter jurisdiction because it failed to enter timely findings of competency as required by Washington Superior Court Criminal Rule (CrR) 3.3.  ECF No. 1.

## DISCUSSION

**I.      Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") "unreasonable application" clause, a federal habeas court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000).  In addition, a state court's decision may be overturned only if the decision is "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).   When it is clear that the state court did not reach the merits of a properly raised issue,

REPORT AND RECOMMENDATION - 4

a federal habeas court will review the issue *de novo*. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Nonetheless, factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence. *Id.* at 1168; 28 U.S.C. § 2254(e).

## II.     Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465,127 S. Ct. 1933, 1939-41 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at 1940. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, ---U.S.---, 131 S. Ct. 1388 (2011).

Mr. Anderson argues that he is entitled to an evidentiary hearing so that he can establish the facts underlying his competency allegations. ECF No. 14, at 2-4. As is discussed more fully below, the record reflects that Mr. Anderson had an opportunity to develop the record in state court on this issue but failed to do so. Thus, an evidentiary hearing is barred under 28 U.S.C. § 2254(e)(2). Moreover, the existing record shows that Mr. Anderson's habeas petition is not timely under 28 U.S.C. § 2244(d).

## III.    28 U.S.C. § 2244(d) One-Year Statute Of Limitations

Under AEDPA, habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application

REPORT AND RECOMMENDATION - 5

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Where a habeas petitioner sought direct review by the highest state court but did not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court entered judgment, but on the date the time for seeking certiorari expires. See *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13. *Id.*

The Washington Supreme Court denied discretionary review on Mr. Anderson's direct appeal on March 5, 2008 (*see* ECF No. 11, Exhibit 7), and Mr. Anderson did not seek further review. Thus, under § 2244(d)(1)(A), Mr. Anderson's conviction became "final" 90 days later, on June 3, 2008. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Under § 2244(d), Mr. Anderson had until June 3, 2009 to file a federal habeas petition. His federal habeas petition was filed on September 12, 2012, more than three years after the limitations period expired. Mr. Anderson is not entitled to tolling under §2244(d)(2) because the one-year AEDPA limitations period had already expired long before he filed his personal restraint petition on July 28, 2011. In addition the state courts clearly and expressly held that the personal restraint petition was untimely as a matter of state law. ECF No. 11, Exhibits 11 and 14. Therefore, Mr. Anderson's untimely state petition was not "properly filed" for purposes of § 2244(d)(2), *Pace v. DiGuglielmo, supra*, and it did not restart the AEDPA clock.

Mr. Anderson argues that his "substantive" claim that he was mentally incompetent at the time of his trial is exempt from the one-year statute of limitations. ECF No. 14. Mr. Anderson

REPORT AND RECOMMENDATION - 6

claims that the Clark Court Superior Court lacked subject-matter jurisdiction because, although it entered an order for a competency examination, it failed to follow up by entering a timely order concerning his competency pursuant to Washington Superior Court Criminal Rule (CrR) 3.3.

> The state trial court is required, under Court Rule 3.3, to determine a defendant's competency to stand trial once an order is entered on a determination that a defendant is incompetent to stand trial. Here, the state trial court entered an order for a competency evaluation, to be conducted at Western State Hospital. The trial court tolled the speedy trial clock accordingly. However, the court failed to [enter] findings of competency as required.

ECF No. 1 at ¶ 12(a). Mr. Anderson presented this same "procedural" competency claim to the state courts on direct appeal and in his personal restraint petition. ECF No. 11, Exhibit 2 (direct appeal opening brief), at 1 ("The trial court violated the defendant's right to due process under Washington Constitution, Article 1, § 3 and United States Constitution, Fourteenth Amendment when it found that the defendant's competency was in question but later allowed the case to proceed to trial without a finding that the defendant was competent."); Exhibit 6 (petition for review), at 1 ("The trial and appellate courts errored [sic] when they denied the Petitioner's right to a competency evaluation."); Exhibit 9 (personal restraint petition), at 4 ("The state's mismanagement of the case caused the trial court to lack jurisdiction."); Exhibit 10 (PRP opening brief), at 2 ("Due to the State's mismanagement, the trial court did not enter written findings of fact, before proceeding to trial, and therefore lacked subject-matter jurisdiction to try Anderson of the underlying criminal charges."); Exhibit 12 (motion for reconsideration), at 2 ("The trial court failed to enter written findings of fact before proceeding to trial, and therefore, lacked subject-matter jurisdiction to try Anderson for the underlying offense.").

     Mr. Anderson did not raise a substantive competency claim. A habeas claim that the petitioner was mentally incompetent to stand trial is known as a "substantive" incompetence

REPORT AND RECOMMENDATION - 7

claim, which is different from a "procedural" incompetence claim that the trial court should have held a hearing to determine whether the defendant was competent. *Boyde v. Brown*, 404 F.3d 1159, 1165 n.6 (9th Cir. 2005); *Lounsbury v. Thompson*, 374 F.3d 785, 788 (9th Cir. 2004). Mr. Anderson did not allege that he was actually incompetent to stand trial or that he was tried while mentally incompetent.

Thus, Mr. Anderson's "substantive" competency claim is raised for the first time on federal habeas review and is unexhausted under 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a habeas petitioner must "fairly present" his federal claim to the state courts "in order to give the State the first opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275 (1971)) (internal quotation marks omitted). Petitioners must give the state's highest court "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). "Fair presentation" requires that the prisoner alert the state courts to the fact he is asserting claims under the United States Constitution. *Duncan v. Henry*, 513 U.S. at 365. This means that the prisoner "must describe in the state court proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*citing Picard*, 404 U.S. at 276-77). State courts are not required to comb the record in order to discover the nature of the prisoner's claim; the federal claim must be contained within the four corners of the prisoner's state-court brief or petition itself, not in separate

REPORT AND RECOMMENDATION - 8

documents. *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004); *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).

Mr. Anderson contends he has exhausted a substantive competency claim in the state courts. ECF No. 14, at 5. However, it is clear from his state-court pleadings that he presented only a procedural competency claim for adjudication by the state courts. Thus, the substantive competency claim is being raised for the first time on habeas review and it subject to dismissal because it is unexhausted.

Moreover, Mr. Anderson never presented evidence to the state courts to support a substantive competency claim. The State's brief on direct appeal (ECF No. 11, Exhibit 4) describes how Mr. Anderson's defense attorneys first raised allegations about Mr. Anderson's competency on the eve of trial, obtained an order requiring that any competency evaluation at Western State Hospital would follow the defense's evaluations, but then abandoned the competency issue, and confirmed in open court that there was no competency issue. *Id.*, Exhibit 4, at 2-16 & App. A-C. The Washington Court of Appeals concluded that defense counsel had withdrawn the mental competency issue:

> On July 19, 2005, the trial court ordered a competency evaluation. The trial court ordered Robert to be transported to Western State Hospital for an evaluation, which was to occur after the defense psychological or neuropsychological evaluations, but the procedure was not to exceed 15 days. The court then issued multiple transportation orders allowing the defense evaluation. The last such order dated November 9, 2005. Despite this, the evaluation never occurred.
>
> We hold that Robert's counsel withdrew the competency issue by delaying the defense evaluation and in oral argument before the trial court. It is discretionary for the trial court to enter an evaluation order, and the trial court's best practice would be to also issue a finding on competency after the order. However, any error here is harmless error because defense counsel withdrew the competency issue before trial. We find no error.

REPORT AND RECOMMENDATION - 9

ECF No. 11, Exhibit 5, at 5.[1]

Mr. Anderson argues that he is entitled to an evidentiary hearing to establish the facts underlying his competency allegations. ECF No. 14, at 2-4. However, the record shows that Mr. Anderson had an opportunity to develop the record in state court on this point but failed to do so. Thus, an evidentiary hearing is barred under 28 U.S.C. § 2254(e)(2) because Mr. Anderson failed to develop the factual record during the state-court proceedings. Mr. Anderson's defense attorneys did not submit any supporting factual materials such as a psychologist's or neurologist's report to the trial court and instead, withdrew the competency issue from the trial court's consideration. In addition, Mr. Anderson presented no evidence with his personal restraint petition to show that he was incompetent at the time of trial and did not even suggest that such evidence existed. He is not entitled to an evidentiary hearing.

**IV.     Equitable Tolling**

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, ––– U.S. –––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted).

To be entitled to equitable tolling, a petitioner must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S.Ct. at 2562 (quoting *Pace,* 544 U.S. at 418) (emphasis deleted). In other

---

[1] Mr. Anderson has never alleged that his defense attorneys provided ineffective assistance with respect to the competency issue.

REPORT AND RECOMMENDATION - 10

words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999).

Mr. Anderson fails to demonstrate any deception, fraud, or error that prevented him from timely filing his federal habeas petition. Instead, Mr. Anderson argues that his "substantive competency claim" can never be time-barred under 28 U.S.C. § 2244(d). ECF No. 14 at 5. However, Mr. Anderson still bears the burden of demonstrating that he is entitled to equitable tolling. *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006)). If the petitioner alleges his own mental incompetency as the "extraordinary circumstance" warranting equitable tolling, the petitioner must meet a two-part test:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control … by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citing *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (footnote omitted). "The relevant question is: Did the mental impairment cause an untimely filing?" *Id*. at 1100 n.3.

Mr. Anderson has not demonstrated that his alleged incompetency either prevented him from understanding the need to file a timely habeas petition, or deprived him of the ability to file

REPORT AND RECOMMENDATION - 11

one, on or before the AEDPA deadline of June 3, 2009 (one year after his conviction became "final" under § 2244(d)(1)(A)). *Bills*, 628 F.3d at 1100. Mr. Anderson has also not shown that his alleged mental impairment, rather than his lack of diligence, was the but-for cause of the several-year delay in his filing. *Id.* ("The petitioner … always remains accountable for diligence in pursuing his or her rights.")).

Mr. Anderson is not entitled to equitable tolling of the federal statute of limitations. His habeas petition is barred by the one-year statute of limitations period based on 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts this Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Under this standard, Mr. Anderson should be denied a COA because no reasonable jurist could disagree with dismissing as time-barred a habeas petition that was filed beyond the one-year statute of limitations where the record establishes that equitable tolling is not warranted.

## CONCLUSION

Mr. Anderson's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final. There are no extraordinary

REPORT AND RECOMMENDATION - 12

circumstances in his case that require the application of equitable tolling principles.  Therefore, Mr. Anderson's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 14, 2013**, as noted in the caption.

**DATED** this  28th  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13